INTERSTATE COMMERCE COMMISSION
v. YEARY TRANSFER CO., Inc.
No. 882.

United States District Court
E. D. Kentucky.
April 3, 1952.

Claude P. Stephens, U. S. Atty., Lexington, Ky., Gerald E. Jessup, Atlanta, Ga., Attorney, Interstate Commerce Com'n, for plaintiff.

Glenn F. Morgan, Washington, D. C., William Hays, Winchester, Ky., Robert H. Hays, Lexington, Ky., for defendant.

Charles W. Bucy, U. S. Dept. of Agriculture, Henry A. Cockrum, U. S. Dept. of Agriculture, Washington, D. C., for Secretary of Agriculture, amici curiæ.

H. CHURCH FORD, Chief Judge.

Under the provisions of sections 204a (6) and 222(b) of the Interstate Commerce Act, 49 U.S.C.A. §§ 304a (6) and 322(b), the Interstate Commerce Commission invokes the jurisdiction of this Court seeking a permanent injunction restraining the defendant, a common carrier, from transporting redried tobacco by motor vehicle in interstate commerce on public highways, for compensation, unless and until such time as there shall be in force, with respect to the defendant, a certificate of public convenience and necessity issued by the Interstate Commerce Commission authorizing such operation, as provided by section 206, chapter 8, Part II of the Interstate Commerce Act, 49 U.S.C.A. § 306.

The principal question for determination is presented by defendant's claim, asserted in defense of the action, that the redried tobacco involved in this case is an agricultural commodity, not a manufactured product thereof, and that, by § 203(b) (6) of chapter 8, Part II of the Interstate Commerce Act, 49 U.S.C.A. § 303(b) (6), (except in certain respects not here material) motor vehicles used and operated in the transportation thereof are excluded from the regulatory provisions which plaintiff here seeks to enforce. So far as here pertinent, section 203(b) (6) provides: "Nothing in this chapter * * * shall be construed to include * * * (6) motor vehicles used in carrying property consisting of * * * agricultural commodities (not including manufactured products thereof) * * *."

If defendant's contention in this respect be sustained, it will dispose of the case rendering it unnecessary to consider or determine any other issue.

Findings of Fact.

No evidence was introduced and the case is submitted upon facts set out in a stipulation filed by the parties which facts are adopted by the Court as its findings of fact and are incorporated herein by reference.

It appears from the stipulation that the word "redried" is a term customarily applied to leaf tobacco which has been handled in the manner and for the purpose set out in paragraph X of the stipulation as follows:

"The customary handling of redried leaf tobacco, including the shipments referred to in the complaint, is as follows:

"1. The grower delivers his leaf tobacco generally to the tobacco auction market at which point it is sold to large users of tobacco or to brokers.

"2. The tobacco is then taken to redrying plants where it is hung on sticks or hangers and slowly passed through a redrying chamber, a space of from 50 to 75 feet in distance in which the temperature is approximately 200 degrees (F.), by which practically all moisture is removed from the leaf. The normal moisture content before redrying is from 20 to 30%. The purpose of redrying leaf tobacco is to reduce moisture content and obtain uniform standardization of the moisture content in the tobacco leaf, and it speeds up the drying of tobacco which, in time, would take place by natural processes. There is no visible difference in the leaf tobacco which is about to be redried and that which has been redried.

"3. As a continuing process, the tobacco, after most of the moisture is removed as above noted, is then passed through another section of the chamber where moisture is restored under control to the extent

of from 11 to 15%. It is then immediately packed in hogsheads. The percentage of moisture replaced depends upon the kind of tobacco and what is to be done with it.

"4. At normal moisture content (without passing through the redrying chamber), packed tobacco will not keep for any appreciable length of time but will deteriorate. After redrying and a uniform moisture content established, it can be packed in hogsheads immediately and then can be shipped abroad or stored from two to three years or more until used in the making of tobacco products.

"5. The redrying machine is relatively expensive, costing from $35,000 to $75,000 depending upon the size. It may redry from 30,000 to 75,000 pounds of leaf tobacco per ten-hour day depending, of course, upon the size of the plant.

"6. Redrying plants are usually owned or operated by persons other than the growers of tobacco."

## Conclusions of Law.

1. The rule of strict construction of exemptions upon which plaintiff relies should not be applied to the extent of requiring a result contrary to the clear intent of the law. Neither should the rule attributing great weight to contemporaneous administrative rulings be applied to require the Court to follow such rulings when they are found to be clearly wrong. Interstate Commerce Commission v. Service Trucking Co., 3 Cir., 186 F.2d 400; Interstate Commerce Commission v. Love, D.C., 77 F. Supp. 63, affirmed, 5 Cir., 172 F.2d 224.

2. The facts set out in paragraphs 7 and 8 of the stipulation and the exhibits attached thereto are insufficient to render the defense herein asserted by the defendant a collateral attack upon an order of the Commission or to preclude assertion of such defense in this action. Interstate Commerce Commission v. Dunn, 5 Cir., 166 F. 2d 116.

3. In view of the facts as to the manner and purpose of the treatment of leaf tobacco customarily referred to as redrying, and the result of such treatment, I am of the opinion that, as a matter of law,

redried tobacco is an agricultural commodity and not a manufactured product thereof, within the intent and meaning of section 203(b) (6) of the Interstate Commerce Act. Anheuser-Busch Brewing Association v. United States, 207 U.S. 556, 28 S.Ct. 204, 52 L.Ed. 336; American Fruit Growers, Inc., v. Brogdex Co., 283 U.S. 1, 51 S.Ct. 328, 75 L.Ed. 801.

4. Motor vehicles used by defendant in the transportation of redried tobacco (if not at the same time used in carrying any other property, or passengers, for compensation) are exempt from the provisions of Chapter 8, Part II of the Interstate Commerce Act, except as to qualifications, maximum hours of service of employees, safety of operation and standards of equipment.

5. For the reasons above indicated, this action should be dismissed.

Judgment will be entered accordingly.